**PONCA TRIBE OF OKLAHOMA,**
**Plaintiff–Appellant,**

v.

**STATE OF OKLAHOMA; David Walters, Governor of the State of Oklahoma, individually and in his official capacity, Defendants–Appellees.**

**No. 92–6331.**

United States Court of Appeals, Tenth Circuit.

July 8, 1996.

Gary S. Pitchlynn, Ted Ritter, and Patrick A. Morse, of Pitchlynn, Morse, Ritter & Morse, Norman, OK, submitted on the briefs for Plaintiff–Appellant.

Neal Leader, Senior Assistant Attorney General, Oklahoma City, OK, submitted on the brief for Defendants–Appellees.

Before ANDERSON, McKAY, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

This appeal is before us on remand from the United States Supreme Court. Ponca Tribe originally sought an injunction in the District Court for the Western District of Oklahoma under the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2701 et seq., requiring the state of Oklahoma and Oklahoma's governor to negotiate a compact which would permit the tribe to operate a Class III gaming facility on the reservation. *See Ponca Tribe of Oklahoma v. State of Okl.,* 834 F.Supp. 1341 (W.D.Okl.1992). The district court dismissed Ponca Tribe's complaint on the ground that it lacked jurisdiction. *Id.* Specifically, the district court held that although Congress intended to abrogate the states' Eleventh Amendment immunity to certain suits by Indian tribes by passing the IGRA, Congress lacked such power. *Id.* at 1345–46. We reversed, finding the Supreme Court's decision in *Pennsylvania v. Union*

*Gas Co.,* 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989), determinative in the present action. *See Ponca Tribe of Oklahoma v. State of Okl.,* 37 F.3d 1422, 1428–32 (10th Cir.1994). Following our decision, the Supreme Court decided *Seminole Tribe of Florida v. Fla.,* —— U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), in which a majority of the court explicitly overruled *Union Gas* and dismissed a claim for lack of jurisdiction identical to Ponca Tribe's claim against Oklahoma. *See* —— U.S. at —— – ——, 116 S.Ct. at 1124–32. The Supreme Court also rejected a claim that a tribe could invoke *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) to enforce the IGRA against a state's governor on the grounds that Congress, in enacting the IGRA, provided a comprehensive remedial scheme for the enforcement of federal rights intended to replace the otherwise broad remedies available against a defendant. *Id.* at —— – ——, 116 S.Ct. at 1132–33. Following its decision in *Seminole,* the Supreme Court granted Ponca Tribe's petition for certiorari and summarily vacated our decision and remanded this action to us for further consideration. *Oklahoma v. Ponca Tribe of Okl.,* —— U.S. ——, 116 S.Ct. 1410, 134 L.Ed.2d 537 (1996).[1] We then requested that both parties file supplemental briefs addressing the impact of *Seminole.*

 Having reviewed the decision in *Seminole* and the parties' supplemental briefs, we conclude that Ponca Tribe lacks jurisdiction against both the state and the governor and accordingly we AFFIRM the decision of the district court dismissing Ponca Tribe's action for lack of jurisdiction.[2]

---

**1.** Our *Ponca Tribe* opinion consolidated four similar appeals in the Tenth Circuit. However, only Ponca Tribe and the Kickapoo Tribe filed petitions for certiorari. The Supreme Court dismissed the Kickapoo Tribe's petition on November 8, 1995 pursuant to Supreme Court Rule 46.1, which permits dismissal when all the parties file an agreement requesting the case be

dismissed. *See Kansas v. Kickapoo Tribe,* —— U.S. ——, 116 S.Ct. 435, 133 L.Ed.2d 350 (1995).

**2.** In light of the Supreme Court's *Seminole* decision, we have been required to consider whether the state waived its immunity by negotiating with the tribe, an issue raised by Ponca Tribe in its appeal of the district court's dismissal. On this

issue, we affirm the decision of the district court for substantially the same reasons stated by the district court. *See* 834 F.Supp. at 1344–45.